Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7505 | **DATE** | 10/25/2011 |
| **CASE TITLE** | Steven Beck (#N-76298) v. Marcus Hardy | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $5.23 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel [#4] is denied as moot.

■ [For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Plaintiff has filed a complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, alleging a violation of his rights under the United States Constitution. More specifically, Plaintiff alleges that he has been removed from his prison work assignment at Stateville Correctional Center without cause. He alleges that his removal from his work assignment was a violation of his right to due process.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.23. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a suit brought by a prisoner at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.
**(CONTINUED)**

AWL

## STATEMENT

To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself. *See Sandin v. Conner*, 515 U.S. 472, 483-84, 132 L. Ed. 2d 418, 115 S. Ct. 2293 (1995)(summarizing Supreme Court precedent on procedural due process claims by prisoners); *Vitek v. Jones*, 445 U.S. 480, 491-94, 63 L. Ed. 2d 552, 100 S. Ct. 1254 (1980) (recognizing liberty interest arising directly from Due Process Clause); *Wolff v. McDonnell*, 418 U.S. 539, 555-57, 41 L. Ed. 2d 935, 94 S. Ct. 2963 (1974) (recognizing that prisoners might enjoy procedural due process protections and that state law could create protected liberty interests); *Board of Regents v. Roth*, 408 U.S. 564, 576-77, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972) (discussing the property interest requirement for procedural due process claims). The Seventh Circuit has explicitly held that Illinois prisoners have no right to hold a particular prison job, or any job at all for that matter. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). As Plaintiff has no right to the work assignment, he has failed to state a cause of action for which relief can be granted and this case must be dismissed.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).

Plaintiff's motion for appointment of counsel is denied as moot.